## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DJUSTA JUDY CACEVIC,

Plaintiff,

v.                                                    Case No.13-CV-13248
                                                     Honorable Denise Page Hood

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [#3], DENYING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF JURISDICTION [#6], AND DISMISSING THIS CASE WITH PREJUDICE

This matter is before the Court (removed from Macomb County Circuit Court) on Defendant Federal Home Loan Mortgage Corporation's Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment **[Docket No. 3, filed December 5, 2013]** to which Plaintiff filed a brief in opposition. **[Docket No. 5, filed December 13, 2013]** Also before the Court is Plaintiff's Motion to Dismiss for Lack of Jurisdiction **[Docket No. 6, filed December 13, 2013]** to which Defendant filed a response. **[Docket No. 7, filed December 23, 2013]** For the reasons discussed below, Defendant's Motion for

Summary Judgment is **GRANTED** and Plaintiff's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

## I.    PROCEDURAL HISTORY & BACKGROUND

On or about January 4, 2008, Plaintiff Djusta Judy Cacevic executed a mortgage and note as security for a $100,555.00 loan from Washington Mutual Bank, FA to finance the purchase of real property located at 46201 Allenton Drive, Macomb, MI 48044 (the "Property"). **[Docket No. 3, Ex. B]**  A Mortgage dated January 4, 2008 was granted and recorded on January 16, 2008, in Liber 19140, Page 891 of the Macomb County Records. **[Docket No.3, Ex. C]**  On April 23, 2012, Washington Mutual assigned the mortgage on the property to JP Morgan Chase Bank, NA.  This assignment was recorded on May 21, 2012, in Liber 2074414, Page 857 of the Macomb County Records. **[Docket No. 3, Ex. D]**

Following assignment, Plaintiff defaulted on her mortgage payments, leading to foreclosure of the property.  The Mortgage loan has been in default since April 1, 2010. **[Docket No. 3, Pg ID 140]**  Foreclosure commenced initially in 2010 but was stayed on April 18, 2011, due to Plaintiff's filing Chapter 7 Bankruptcy.  On or about May 16, 2011, an Order Granting Relief from the Automatic Stay was entered in the Chapter 7 Bankruptcy, allowing for foreclosure proceedings to proceed against the subject property. **[Docket No. 3, Ex. G]**

On July 5, 2012, Plaintiff was given notice of the proceedings. Foreclosure proceeded by publication and notice of the sale was posted on August 8, 15, 22, and 29, 2012 in the Macomb County Legal News as well as on the Property on August 9, 2012. **[Docket No. 3, Ex I]** The property was sold at a Sheriff's Sale on September 21, 2012, to Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"). The Sheriff's Deed noted that the last day to redeem the property was March 21, 2013, consistent with the six month statutory redemption period. Plaintiff failed to redeem the property by March 21, 2013. **[Docket No. 3, Ex. I, Pg ID 240, 246]** Though Plaintiff failed to redeem the property, Plaintiff remained on the premises. Freddie Mac commenced eviction proceedings against Plaintiff in the State of Michigan 41-A District Court. Plaintiff challenged the foreclosure sale by filing a ten-count Complaint in Macomb County Circuit Court.

On July 30, 2013, Defendant Freddie Mac removed the complaint to this Court. Defendant now seeks judgment on the pleadings or summary judgment relief. Plaintiff requests that this Court dismiss the Complaint and remand the case back to the State Court.

## II.    ANALYSIS

The Court will address Plaintiff's Motion to Dismiss for Lack of Jurisdiction first as it may be dispositive of this matter.

3

**A.      Plaintiff's Motion to Dismiss for Lack of Jurisdiction**

In a Motion to Dismiss for Lack of Jurisdiction filed December 13, 2013, **[Docket No. 6]**, Plaintiff contends that this Court should remand this matter to the 37th District Court, State of Michigan, because "it is well settled that federal counterclaims and defenses are 'inadequate to confer Federal jurisdiction.'" *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 901, 914-16 (6th Cir. 2007). Plaintiff posits that "[b]ecause the notice of removal purports only to remove a counter-complaint, it does not set forth any claim upon which the jurisdiction of this Court may rest."

In response, Defendant argues that this Court has jurisdiction over the case, pursuant to 12 U.S.C. § 1452(f) which states:

> Notwithstanding section 1349 of Title 28 or any other provision of law, (1) the Corporation *shall be deemed to be an agency* included in sections 1345 and 1442 of such Title 28; (2) *all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions . . . ;* and (3) *any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation*, . . . to the district court of the United States for the district and division embracing the place where the same is pending . . . .

*Id.* (italics added) Defendant asserts that 28 U.S.C. § 1442(a) does not require Freddie Mac "to notify or obtain the consent of any other defendant in this action (or the Plaintiff, for that matter) in order to remove the entire case to federal court." This Court is satisfied that it has jurisdiction over this case because Freddie Mac is a party and has removed the case to District Court, as allowed, pursuant to 28 U.S.C. § 1442(a).  For this reason, Plaintiff's Motion to Dismiss for Lack of Jurisdiction **[Docket No. 6]** is **DENIED**.

### B.    **Defendant's Motion for Summary Judgment**

Having denied Plaintiff's Motion to Dismiss for Lack of Jurisdiction, the Court now moves to Defendant's Motions.   In its Motion, Defendant makes numerous arguments.  Defendant moves this Court to grant: (1) dismissal pursuant to Federal Rule of Civil Procedure 12(c) because Plaintiff fails to state a claim directed at Defendant Freddie Mac; (2) dismissal pursuant to Federal Rule of Civil Procedure 56(a) because Plaintiff is "judicially estopped" from challenging the foreclosure sale when Plaintiff did not allege the claims prior to the Chapter 7 Bankruptcy; (3) dismissal pursuant to Federal Rule of Civil Procedure 56(a) because the statutory redemption period had expired; (4) dismissal pursuant to Federal Rule of Civil Procedure 56(a) because the Plaintiff is guilty of laches for delay in filing this lawsuit; and (5) dismissal pursuant to Federal Rule of Civil

Procedure 56(a) because the claims either fail as a matter of law, are barred by a statute of limitations, and/or are not applicable to Freddie Mac.

### 1.    Fed. R. Civ. P. 12(c) Dismissal

Defendant's first argument is that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(c) because the allegations in the Complaint "are all directed at entities other than the Defendant."   Defendant contends that the ten-count Complaint alleges claims connected to either the origination of the loan, the servicing of the loan, or the default and foreclosure of the property, none of which Defendant was a party to as Defendant "was a mere purchaser of the Sheriff's deed after the foreclosure sale of the subject property."

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a motion to dismiss pursuant to Rule 12(b)(6).  *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir.2007)("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same[.]").  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that to survive a Rule 12(b)(6) motion "a plaintiff [has the] obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough

to raise a right to relief above the speculative level . . . ."  *Id.* at 555 (internal citations omitted).   Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   *Id.* at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   *Id.*   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).   For a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must

be "plausibly suggestive" of a claim entitling a plaintiff to relief.  *Id.* at 683.

Where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged, but it has not shown that the

pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

The Court notes that consideration of a motion to dismiss under Rule

12(b)(6) is confined to the pleadings.  *Jones v. City of Cincinnati*, 521 F.3d 555,

562 (6th Cir. 2008).  In assessing the facial sufficiency of the complaint, the Court

must ordinarily do so without resort to matters outside the pleadings.  *Wysocki v.

Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir .2010).   However,

"documents attached to the pleadings become part of the pleadings and may be

considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union

Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see

also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010).

The Court further notes that even if a document is not attached to a

complaint or answer, "when a document is referred to in the pleadings and is

integral to the claims, it may be considered without converting a motion to dismiss

into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36.

Where a plaintiff does not refer directly to given documents in the pleadings, if

those documents govern the plaintiff's rights and are necessarily incorporated by

reference, then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated and assessed without converting a motion to dismiss to a motion for summary judgment, even though the complaint referred only to the "plan" and not the accompanying documents). Additionally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (quoting *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36)).

After review of Plaintiff's Complaint, the Court is satisfied that Plaintiff has failed to allege any specific wrongdoing against Defendant Freddie Mac of which this Defendant could be held liable. Plaintiff's Complaint alleges ten claims of relief: fraudulent misrepresentation (Count I); breach of contract (Count II); violation of the Federal Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (15 U.S.C. § 1601, *et. seq.* (Count III); violation of 15 U.S.C. § 1639 (Count IV); quiet title (Count V); violation of M.C.L. § 600.3204 (Count VI); slander of title (Count VII); defamation (Count VIII); intentional infliction of emotional distress (Count IX); and injunctive relief (Count X). A review of the Complaint shows that Plaintiff's claims are either based on the origination of the

loan, the servicing of the loan, the default on the loan, or the foreclosure of the property, occurrences that the Court is satisfied did not involve the Defendant Freddie Mac. Defendant Freddie Mac was not a party to the origination of the loan. Plaintiff claims that Defendant Freddie Mac "obtained its interest as successor to Chase Bank," and "knew [Chase's] representations were false." **[Compl. ¶ 23]** However, the record shows that the loan was originated by Washington Mutual Bank who assigned it to JP Morgan Chase. Plaintiff has not provided the Court with any information which shows that Defendant Freddie Mac was a party to the origination or the servicing of the loan.

Additionally, Plaintiff's Complaint, when taken in the light most favorable to the Plaintiff, fails to sufficiently allege that the Defendant became involved with the subject property at any time during the default of the loan or the subsequent foreclosure of the property, outside of its purchase of the property at the Sheriff's Sale. In a letter concerning this property and attached to Defendant's Motion, Trott & Trott contacted the Plaintiff notifying the Plaintiff that it represented "JP Morgan Chase Bank" which was the "creditor to which [Plaintiff's] mortgage debt [was] owed or the servicing agent for the credit to which the debt [was] owed." Defendant is first mentioned in the Sheriff's Deed on Mortgage Sale. **[Docket No. 3, Ex. I, Pg ID 240]** Plaintiff has failed to show how the allegations concerning

10

the default and foreclosure (which lead to the Sheriff's Sale) involved decisions or omissions made by the Defendant in any way.   For this reason, Plaintiff's Complaint must be dismissed against this Defendant.   The Court notes that even assuming, arguendo, the Court were to have determined that Plaintiff's Complaint sufficiently alleged a claim on any of the ten claims for relief against the Defendant, Plaintiff's Complaint would not survive summary judgment as Plaintiff has failed to show that genuine issues of material fact exist regarding possible relief on her claims.

### 2.   Fed. R. Civ. P. 56(a) Dismissal

In addition to the argument above, Defendant moves this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 56(c).   Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The moving party bears the burden of demonstrating that summary judgment is appropriate.   *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974).   The Court must

11

consider the admissible evidence in the light most favorable to the nonmoving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Here, Defendant makes numerous separate claims for dismissal pursuant to Rule 56. For the reasons set forth below, Plaintiff's Complaint does not raise

genuine issues of material fact regarding the Defendant's liability on Plaintiff's alleged claims for relief.

### a.      Fraudulent Misrepresentation

A review of Plaintiff's Complaint shows that Plaintiff has not sufficiently alleged any fraud committed by the Defendant.[1]  The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time and content of the alleged misrepresentation on which they relied, the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud.  *See Yuhasz v. Brush Welman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003).  Michigan law does not "allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity."  *Overton v. Mortg. Elec. Registration Sys.*, 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).  Plaintiff's complaint fails to show a genuine issue of material fact regarding any fraud or irregularity in the foreclosure sale itself.  Attached to the Defendant's motion are: (1) a copy of the note and mortgage; (2) a copy of the assignment of the mortgage; and (3) a copy of the sheriff's deed.  As noted above,

---

[1] The Court notes that the Complaint names "Chase Bank", and also Defendant. The Complaint does not name Freddie Mac in this claim for relief.  The Complaint also lists "Defendant(s)" in numerous places but the Court notes that Plaintiff has filed suit against Freddie Mac, solely.

these documents were duly filed.  After examination of the documents provided to the Court, the Court is satisfied that the documents appear sufficiently complete to apprise Plaintiff of the details of the loan transaction though the Court notes that Defendant Freddie Mac was not a party to the signing and agreements contained in the documents.

Upon review of Plaintiff's Complaint, and viewing the allegations therein in the light most favorable to the Plaintiff, the Court finds Plaintiff failed to adequately plead a claim for fraud.  The Plaintiff's response to Defendant Freddie Mac's motion does not cure this deficiency as it also fails to specify any fraud committed by the Defendant.  Plaintiff's claim for fraudulent misrepresentation must be dismissed.

### b.    Breach of Contract

Plaintiff's next contention is that the Defendant breached the contract it had with the Plaintiff regarding the loan for the property.  As noted above, Plaintiff entered into a loan agreement to purchase real property that Plaintiff later defaulted on.  The non-party and then-mortgagee JP Morgan Chase Bank instituted a foreclosure (by advertisement) on the property, pursuant to M.C.L. § 3204. Plaintiff contends that the Defendant breached the contract "by failing to disclose material facts, by making false and misleading statements and by engaging in

14

deficient mortgage servicing and foreclosure processes."   However, the Court reiterates that Defendant Freddie Mac was not a party to the original loan agreement, default, or foreclosure.  This claim must be dismissed.

### c.    Violation of RESPA and TILA

Plaintiff seeks relief pursuant to the Federal Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA").  This claim must also be dismissed because Defendant Freddie Mac was not a party to the origination of the loan.  Additionally, Plaintiff's TILA claim must be dismissed because the statute of limitation in which to have filed this claim had elapsed. TILA has a one-year statute of limitations.  *See* 15 U.S.C. § 1640(e) (stating that "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.").  "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'"  *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009) (quoting *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (internal quotations omitted)).  Plaintiff obtained this loan on or about January 4, 2008, but did not file the complaint until April, 2013.  Because this action was not

commenced within one year, the statutory period has run and this claim is time-barred. *See Thielen*, 671 F. Supp. 2d at 953.

Plaintiff's RESPA claim also fails for reasons other than Defendant not being a party to the origination of the loan. RESPA, 12 U.S.C. § 2605, controls the servicing of mortgage loans. Plaintiff claims that "[w]hen Defendant entered the Loan negotiations, no attempt was made . . . to give required notices and disclosures." However, Defendant has attached to their motion an affidavit dated September 18, 2012 **[Docket No. 3, Ex. I, Pg ID 244]** from Heide M. Myszak, an attorney for JP Morgan Chase Bank, stating, "written notice dated July 5, 2012 was served" on the Plaintiff which included the reason for default, amount owed, contact information for mortgage holder, servicer, or any agent designated, and a statement of Plaintiff's rights as a borrower. A copy of this letter is also attached. **[Docket No. 3, Ex. H, Pg ID 236]** For these reasons, both Plaintiff's RESPA and TILA claims fail and must be dismissed.

### d.    Violation of 15 U.S.C. § 1639

Plaintiff next alleges that the Defendant violated the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639. Plaintiff relies on 15 U.S.C. § 1639(h), which prohibits creditors from "engag[ing] in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of

16

this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." However, because claims under section 1602(aa) of HOEPA are subject to the same statutes of limitation that are applicable to TILA (which is one year from the date of the transaction), *see* 15 U.S.C. §§ 1635(f), 1640(e), even assuming, arguendo, that Defendant was a party to the loan origination and servicing, the statute of limitation bars this claim and it must be dismissed.

### e.    Violation of M.C.L. § 600.3204, *et seq.*

Plaintiff also allege violation of M.C.L. § 600.3204, *et seq.*, and requests that this Court essentially return the property to Plaintiff. However, the property was sold at a Sheriff's sale on September 21, 2012, the redemption period having ended on March 21, 2013. Plaintiff failed to redeem the property and has not, as discussed above, provided the Court with sufficient information regarding fraud or irregularity in the sale of the property.

### f.    Required Notices

Plaintiff claims that she did not receive the notices required under M.C.L. § 600.3205(c) as to loan modification. Defendant argues Plaintiff received the appropriate notices .Defendant attached to its motion affidavits of publication that

state that notice of the foreclosure was posted in the Macomb County Legal News on August 8, 15, 22 and 29, 2012.  **[Docket No. 3, Ex. I]**  There is also an affidavit which states that evidence of the sale was posted on August 9, 2012. **[Docket No. 3, Ex. I]**  Lastly, there are affidavits that state that the sale of the property took place on September 21, 2012, and that written notice, pursuant to M.C.L. 600.3205a(1)-(3), was given. **[Docket No. 3, Ex. I]**

M.C.L. § 600.3205(c) provides the procedure for requesting a loan modification.  Subsection (1) provides that "[i]f a borrower . . . contact[s] a person designated under section 3205a(1)(c) . . . , the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification."  M.C.L. § 600.3205(c)(1).  If the borrower is eligible for loan modification, the lender may not initiate foreclosure proceedings unless the lender has offered the loan modification program and the borrower failed to accept the agreement within 14 days.  *Id.* at 600.3205(c)(7).

If foreclosure proceedings are initiated in violation of this statute, the borrower may ask the court to convert the foreclosure proceeding into a judicial foreclosure.  *Id.* at 600.3205(c)(8).  However, section 600.3205(c) does not authorize a court to set aside the foreclosure.[2]  *See Adams v. Wells Fargo Bank,*

---

[2] Plaintiff wrongfully rely on Sixth Circuit case *Mitan v. Fed. Home Loan Mortgage Corp.*, 703 F.3d 949, 953 (6th Cir. 2012) *petition denied*, 512 F. App'x 539 (6th Cir. 2013), stating

2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (unpublished) (Section 600.3205(c) "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid a foreclosure altogether or set aside a completed foreclosure"); *see also Awad v. Gen. Motors Acceptance Corp.*, 302692, 2012 WL 1415166, at *2 (Mich. Ct. App. Apr. 24, 2012) *appeal denied*, 493 Mich. 905, 823 N.W.2d 276 (2012) (unpublished) (describing that a plaintiff's suit does not toll the redemption period).  Remedy under the provision must be sought prior to the foreclosure sale.  *See Stein v. U.S. Bancorp*, 2011 U.S. Dist. Lexis 18357, 2011 WL 740537, at *27 (E.D. Mich. Feb. 24, 2011)

---

Because the foreclosure by advertisement violated Mich. Comp. Laws § 600.3204(4)(f), he argues, it was void and the redemption period never began.  We agree with Mitan's interpretation of the law . . . . It follows that, as a matter of Michigan law, a lender that fails to follow the loan-modification procedures set forth by the statute has engendered a structural defect and is thus without authority to commence a foreclosure.  Without a valid foreclosure, the redemption period has not begun, and the owner of the property retains an interest conferring standing to sue.

*Mitan*, 703 F.3d at 953.  However, in *Mourad v. Homeward Residential, Inc.*, 517 F. App'x 360 (6th Cir. 2013), the Sixth Circuit noted that *Mitan* was abrogated by *Kim v. JPMorgan Chase Bank, NA*, 493 Mich. 98, 825 N. .2d 329 (2012).  *Mitan* is no longer good law and the Court cannot rely on it for the premise Plaintiff presents.

The Court is not persuaded by Plaintiff's claim that the "required notices" were not received.  As evidenced in the affidavits attached to the Sheriff's Deed, the foreclosure sale complied with the requirements of M.C.L. § 600.3204(4) and the required notices were posted.  **[Docket No. 3, Def. Ex. I]**  Even if the Court deemed the affidavits incredible, Plaintiff has not shown the requisite prejudice required to set aside the foreclosure sale after it has already taken place.  *See Kim v. J.P. Morgan Chase Bank, N.A.*, 493 Mich. 98, 115 (2012) (explaining that a borrower must show that he would have been in a better position to preserve his interest in the property if not for the defect in compliance with the statute).  Plaintiff has not shown that the property would have been redeemed the property or, in the alternative, are currently in the financial position to pay off the debt owed and redeem the property if the foreclosure sale is deemed to have occurred wrongfully and determined without effect.  This claim is also dismissed.

### g.    Remaining Claims

Defendant argues that Plaintiff's remaining claims including slander of title, defamation, intentional infliction and injunctive relief, are simply "catch-all" claims and entirely lack merit and are conclusory allegations.  Plaintiff responds that the Complaint alleges claims of defamation and intentional infliction of emotional distress.

20

A review of Plaintiff's Complaint shows that the remaining claims of slander of title, defamation, intentional infliction and injunctive relief do not provide any further relief. Plaintiff's allegations as to these claims are conclusory and not factually supported. The Complaint must be dismissed in its entirety.

## III.   CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendant Federal Home Loan Mortgage Corporation's Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment **[Docket No. 3, filed December 5, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss for Lack of Jurisdiction **[Docket No. 6, filed December 13, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager